IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RON RUSAKIEWICZ, et al.,<br><br>Plaintiffs,<br><br><br><br>vs.<br><br>JOHN LOWE, et al.,<br><br>Defendants, | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br><br><br>Case No. 2:06-CV-1021<br><br>Judge Dee Benson |

## I.  BACKGROUND

The Veterans of Foreign Wars of the United States (VFW) held its annual conference in Salt Lake City, Utah from August 20, 2005 to August 25, 2005.  During the conference, which was apparently attended by VFW members from all fifty states, two of the attendees, Mr. Ron Ruzakiewicz and Mr. Paul Spera distributed printed flyers to other attendees in which they claimed Mr. John Lowe, the Adjutant Quartermaster of the VFW/California (VFWCA), had improperly used the national organization's computer system to the financial advantage of VFWCA and to the detriment of the national organization.

Mr. Lowe did not appreciate the distribution of their information.  After some unsuccessful efforts to get Rusakiewicz and Spera to stop, he sued them for defamation in Salt

1

Lake County's Third District Court.

Rusakiewicz and Spera were served on August 24, 2005, while still in attendance at the conference. Before filing the suit, Mr. Lowe consulted with other members of the VFWCA, including its officers: Shirley Shaw, the Commander of the VFWCA; David Norris, the Junior Vice Commander; and John Wolfe, the Senior Vice Commander. They all offered their support to Mr. Lowe regarding his lawsuit, and the VFWCA agreed to pay Mr. Lowe's legal expenses.

Then the reality of modern day litigation apparently set in; Rusakiewicz and Spera made extensive discovery demands and as the time approached for responding, settlement discussions took place. Eventually, it appears Mr. Lowe wanted Rusakiewicz and Spera to agree to not talk badly about him anymore, but they would not agree to limit their comments. Finally, after a fair bit of effort to hammer out a written settlement, nothing of any consequence was resolved except that Mr. Lowe, with a motion to compel discovery looming, decided to dismiss his case. Rusakiewicz and Spera said they would stipulate to a dismissal if it was with prejudice. In May 2006, the parties stipulated to such a dismissal, thereby putting an end to any dispute over Rusakiewicz and Spera's messages about Lowe at the 2005 VFW conference in Salt Lake City. As to the future, everyone was free to do as they wished.

A short time later, with the services of the same Salt Lake City attorney that represented them in the defamation suit, Rusakiewicz and Spera filed this suit against Lowe, claiming that Lowe's defamation suit was an abuse of process and an unlawful use of civil proceedings. Rusakiewicz and Spera also added the VFWCA, Shirley Shaw, David Norris and John Wolfe as defendants for their encouragement and support of Mr. Lowe in the defamation suit.

Now before the Court is defendants' motion to dismiss under Rule 12(b)(6) claiming: (1)

2

this is an improper case as a matter of law for abuse of process; (2) this is an improper case as a matter of law for unlawful use of civil proceedings; (3) the California defendants (Shaw, Norris and Wolfe) are improper defendants; (4) even if the California defendants are proper defendants, there is no jurisdiction over them in Utah; and (5) in any event, venue is improper in Utah and the case in its entirety should be sent to California.

On July 27, 2007, the Court heard oral argument on the motion to dismiss.  At the conclusion of the hearing, the Court granted the motion, without prejudice, with respect to the dismissal of the California defendants (Shaw, Norris and Wolfe).  The Court denied the motion to change venue and a pending motion to strike (Dkt. No. 19.), and took the remaining issues under advisement.  This Memorandum Decision and Order disposes of those issues, finding under these circumstances an insufficient legal basis to support either a claim for abuse of process or a claim for unlawful use of civil proceedings.  The former fails for lack of an allegation of a wilful act independent of the legal process; and the latter fails, in addition to other deficiencies, because the prior case was not terminated on the merits in favor of Rusakiewicz and Spera.

## II.  ANALYSIS

In this case, which arises under diversity jurisdiction, a federal court is to "ascertain and apply the state law."  Wade v. Emcasco Ins. Co, 483 F.3d 657, 665 (10th Cir. 2007) (quoting Wankier v. Crown Equip. Corp., 353 F.3d 862 (10th Cir. 2003)).  Where there is no controlling state decision addressing a particular issue, a federal court "must attempt to predict what the state's highest court would do."  Id. at 666.

A.    Abuse of Process

Under Utah law, the tort "abuse of process" occurs when someone files a lawsuit with a

proper legal basis to do so, but then misuses the process for a purpose for which the process is not designed.  See Hatch v. Davis, 147 P.3d 383, 389 (Utah 2006) ("Hatch II") ("We have characterized the 'essence' of the tort of abuse of process to be 'a perversion of the process to accomplish some improper purpose.'" (quoting Crease v. Pleasant Grove City, 519 P.2d 888, 890 (Utah 1974))).  For example, if a person filed suit against his neighbor for trespass because the neighbor regularly and without permission cut across the plaintiff's property on his way to work every morning, but then used the legal process to accomplish a different result–say, pressuring his neighbor to pay an unrelated debt–that could qualify as abuse of process.

The Utah Supreme Court has said that "to state a claim for abuse of process, a party must allege both 'an ulterior purpose' and 'a wilful act in the use of the process not proper in the regular conduct of the proceeding.'" Hatch II, 147 P.3d at 389 (citing Hatch v. Davis, 102 P.3d 774, 783 (Utah App. 2004) ("Hatch I") (quoting William Prosser, Law of Torts § 121 at 857 (4th ed. 1971))).  "To satisfy the 'wilful act' requirement, a party must point to conduct independent of the legal process itself that corroborates the alleged improper purpose." Hatch II, 147 P.3d at 390.

The requirements, then, are two fold.  One, bringing a lawsuit and two, maliciously using it for a purpose independent of the legal process itself.  The instant case fails to properly state an abuse of process claim because there is no allegation of, or even a factual basis for asserting an independent act corroborative of an alleged improper purpose.  Whatever Rusakiewicz and Spera may think of Mr. Lowe's original defamation action, nowhere do they allege or suggest that he used it in any way other than to address his claim that he was defamed.  All of the settlement efforts were undisputedly limited to attempts to get Rusakiewicz and Spera to stop saying things

about Mr. Lowe, things he contended were false which was the very purpose, or at least one of

the purposes, of his lawsuit.

      B.    <u>Wrongful Use of Civil Proceedings</u>

In Utah, wrongful use of civil proceedings is the civil version of the criminal law's

malicious prosecution.  Wrongful use of civil proceedings occurs when one brings a frivolous,

unfounded lawsuit, uses the suit for an improper purpose–such as to intimidate or harass his

opponent–and the case is concluded against the claimant and in favor of the alleged tortfeasor.

For example, party A sues his neighbor for trespass, knowing his neighbor has a legal easement

to be on A's property, and does so for the purpose of forcing the neighbor to spend his time and

money defending this unmeritorious action, and the case is resolved in favor of the neighbor by a

jury verdict or some other final judicial action.

In <u>Anderson Development Co. v. Tobias</u>, 116 P.3d 323 (Utah 2005), the Utah Supreme

Court described wrongful use of civil proceedings as follows:

> [A] party asserting a claim for wrongful use of civil proceedings must demonstrate that
> (1) the actor initiating the prior proceeding acted "'without probable cause, and primarily
> for a purpose other than that of securing the proper adjudication of the claim'"; and (2)
> "'except when they are ex parte, the [prior] proceedings ... terminated in favor of the
> person against whom they [were] brought.'"

<u>Id.</u> at 340-41 (quoting <u>Gilbert v. Ince</u>, 981 P.2d 841 (quoting Restatement (Second) of Torts §

674)).  The Utah Supreme Court has described this final requirement–that the prior proceedings

terminated in favor of the person against whom they were brought–as a "prerequisite" to

establishing a claim for wrongful use of civil proceedings.  <u>Hatch I</u>, 102 P.2d at 780 (quoting

<u>Baird v. Intermountain School Federal Credit Union</u>, 555 P.2d 877, 878 (Utah 1976)).

In this case, Rusakiewicz and Spera's claim of wrongful use of civil proceedings fails

because the first lawsuit–the defamation case brought by Mr. Lowe–did not conclude in favor of Rusakiewicz and Spera.  The case ceased to exist because Mr. Lowe voluntarily dismissed his own case.  He agreed to do so "with prejudice," which of course has the legal consequence of not allowing him to reassert it in the future, but it did not address the underlying issue of the truthfulness or defamatory nature of Rusakiewicz and Spera's comments at the VFW convention. Although the Utah Supreme Court has not directly addressed the question whether a dismissal "with prejudice" constitutes a termination in favor of the claimant for the purposes contemplated to satisfy a suit for wrongful use of civil proceedings, this Court is satisfied the Utah Supreme Court would find, under the facts of this case, that such an ending does not constitute termination on the merits and therefore does not satisfy the requirements under Utah law for the tort of wrongful use of civil proceedings.[1]

---

[1]Because the previous case was not terminated on the merits in Rusakiewicz and Spera's favor, there is no need to address the other requirements for wrongful use of civil proceedings. The first of those requirements is that the civil proceeding was brought without probable cause, and it is true, as Rusakiewicz and Spera point out, that they have alleged as much in their complaint.

The allegations in the complaint in support of the second requirement, using the civil proceeding primarily in a manner to accomplish a purpose not consistent with the process, are less clear and arguably nonexistent.  The Utah Supreme Court has spoken of this element in terms of bringing a lawsuit, without probable cause, primarily to "harass" or "annoy" the other side. See Baird v. Intermountain School Federal Credit Union, 555 P.2d 877, 878 (Utah 1976).  There are no allegations or factual references that suggest Mr. Lowe's initial suit was brought primarily to annoy, harass or otherwise afflict Rusakiewicz and Spera in a way not commensurate with the proper adjudication of the case.  The accusations Rusakiewicz and Spera make that Mr. Lowe was using the case to try to get them to stop saying the things they were saying about him appear to be precisely the kinds of things a plaintiff in Mr. Lowe's shoes would do in the regular course of and entirely consistent with his cause of action.  Under these circumstances it appears doubtful that Rusakiewicz and Spera's complaint in this case meets this second element of a claim for wrongful use of civil proceedings, even at this early pleading stage, and cannot survive the present Rule 12(b)(6) motion to dismiss.

Rusakiewicz and Spera's argument that the "with prejudice" ending of the earlier case constitutes a termination on the merits in their favor because such would have *res judicata* or claim preclusion effect is without merit and without application in this setting. Just because Mr. Lowe has relinquished any opportunity to seek legal redress for Rusakiewicz and Spera's comments at the VFW convention does not begin to address the reason behind the requirement that the underlying lawsuit must have been terminated on the merits in favor of the alleged tortfeasor. The clear reason for such a requirement is to limit the use of these types of civil actions to those cases that were found upon their merits (or rather the lack of it) to be frivolous and without probable cause. To allow Rusakiewicz and Spera to proceed with the present case would necessitate an adjudication of the merits of the previous lawsuit. If Rusakiewicz and Spera were desirous of proving they said nothing defamatory, they had a forum in which to fully defend themselves. Instead, they chose to agree to a dismissal and then brought this suit invoking claims the Utah Supreme Court has repeatedly referred to as disfavored causes of action. <u>Anderson</u>, 116 P.3d at 339. The present case is a good example of why they are disfavored. Rather than contribute to an efficient and meaningful resolution of the underlying dispute, if any, they would only serve to complicate and unnecessarily expand the litigation.

Defendant's Motion to Dismiss is GRANTED with prejudice.

Dated this 27th day of November, 2007.

_____
Dee Benson
U.S. District Court Judge